**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5735-14T3

MCI COMMUNICATION SERVICES,
INC.,

    Plaintiff-Appellant,

v.

DIRECTOR, DIVISION OF
TAXATION,

    Defendant-Respondent.

_____

Argued January 19, 2017 — Decided June 15, 2018

Before Judges Fuentes, Simonelli and Gooden Brown.

On appeal from the Tax Court of New Jersey, Docket No. 013905-2010.

Carley A. Roberts (Sutherland Asbill & Brennan LLP) of the California bar, admitted pro hac vice, argued the cause for appellant (Day Pitney LLP and Carley A. Roberts, attorneys; Michael James Guerriero, Carley A. Roberts, Eric S. Tresh (Sutherland Asbill & Brennan LLP) of the Georgia bar, admitted pro hac vice, and Maria E. Biava, Associate General Counsel for respondent Verizon Communications Inc., of the Michigan and Illinois bars, admitted pro hac vice, on the briefs).

Michael J. Duffy, Deputy Attorney General, argued the cause for respondent (Christopher S. Porrino, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Michael J. Duffy, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

In this appeal, we are asked to determine whether the New Jersey's Corporation Business Tax Act, N.J.S.A. 54:10A-1 to -40, permits a corporate taxpayer to reduce its New Jersey reported income by erasing a decision it made as a part of its federal tax strategy. The taxpayer here is MCI Communication Services, Inc. Plaintiff acquired cancellation of debt income (CODI) arising out of a Title 11 bankruptcy, which was pushed down to it by its parent company. The taxpayer only received this pushed-down CODI because it filed a consolidated tax return.

Pursuant to 26 U.S.C. § 108(a)(1)(A), plaintiff then excluded the CODI from its gross income on its federal consolidated tax return. However, 26 U.S.C. § 108(b) required the taxpayer to reduce its tax attributes to account for the exclusion, and 26 U.S.C. § 108(b)(5) permitted the taxpayer to meet this requirement by decreasing its depreciation deductions by the amount of the exclusion.

On its New Jersey separate tax return, the taxpayer asserted that the CODI was not taxable income under New Jersey law and

2

claimed a deduction that reduced its Entire Net Income by the amount of its forfeited depreciation deductions. The Director of the Division of Taxation denied the deduction, explaining New Jersey law does not sanction this arrangement. Plaintiff appealed the determination to the Tax Court and argued the Division erred because: (1) New Jersey calculates taxable income by looking to a taxpayer's federal tax return, N.J.S.A. 54:10A-4(k); (2) New Jersey law, specifically N.J.A.C. 18:7-11.15(b), forbids consolidated tax returns, so the taxpayer was required to report its income as if it had filed its federal return separately; (3) had the taxpayer filed a separate federal tax return, it would have neither received the pushed-down CODI nor reduced its depreciation deductions by that amount; and (4) treating the pushed-down CODI as taxable income amounts to creating and taxing phantom income.

The Tax Court affirmed the Director's decision. Plaintiff now appeals. We affirm substantially for the reasons expressed by Judge Kathi F. Fiamingo in her letter opinion dated July 20, 2015.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5735-14T3